**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

SHELLY MITCHELL                                                                                               PLAINTIFF

v.                                              CASE NO. 4:20-CV-00457-JTK

KILOLO KIJAKAZI,                                                                                          DEFENDANT
*Acting Commissioner*
Social Security Administration

## ORDER

This is a social security case, and Petitioner Shelly Mitchell's Motion for Civil Contempt is currently pending before this Court. (Doc. No. 28) The Commissioner responded, (Doc. No. 29) and Ms. Mitchell replied. (Doc. No. 30)

On June 15, 2021, this Court reversed the final decision of the Administrative Law Judge (ALJ) and remanded the case with instructions for the ALJ to allow Ms. Mitchell to submit relevant and probative interrogatories to the Disability Determination Services (DDS) experts and to conduct any further administrative review as needed. In her Motion, Ms. Mitchell requests for this Court to: (1) find the Commissioner in contempt because the answers to the interrogatories were either nonresponsive or never received, (2) order the DDS experts to appear for depositions within 90 days after the issuance of this Order, (3) order the Commissioner to pay interim benefits until the agency has issued a final order on her disability claim, and (4) order the agency to pay attorney's fees for the filing and prosecution of her Motion.

The Commissioner alleges (1) that the ALJ complied with this Court's reversal and remand order, (2) that Ms. Mitchell's dissatisfaction with the responses to the interrogatories is irrelevant, and (3) that this Court lacks jurisdiction to review Ms. Mitchell's Motion because the case is

1

currently under administrative review. The Commissioner also objected to Ms. Mitchell's request for interim benefits and attorney's fees.

In reply, Ms. Mitchell adds, in relevant part, that she is not required to exhaust the administrative review process because she is seeking to enforce the previous order of this Court.

## DISCUSSION

Under 42 U.S.C. § 405(g), a district court has subject matter jurisdiction if two elements are met: "a claimant . . . ha[s] presented a claim for benefits to the Secretary and exhausted the administrative remedies prescribed by the Secretary." *Schoolcraft v. Sullivan*, 971 F.2d 81, 84–85 (8th Cir. 1992). The second element, which is the exhaustion of administrative remedies, is typically required and is premised on:

> preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

*Degnan v. Burwell*, 765 F.3d 805, 808 (8th Cir. 2014) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)). Although generally necessary, the exhaustion requirement is waivable only if "(1) the issues were entirely collateral to the claim for benefits; (2) the injury could not be remedied by a retroactive payment; and (3) exhaustion would be futile." *Sullivan*, 971 F.2d at 85.

In other words, and unless exhaustion is waived under exceptional circumstances, this Court's review in the instant matter is permitted only after the Commissioner has made a final decision "after a hearing to which [Ms. Mitchell] was a party." 42 U.S.C. § 405(g). Additionally, Ms. Mitchell bears the burden of proving subject matter jurisdiction, *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000), and this Court has an obligation to determine if it has subject matter jurisdiction to hear this matter. *Hart v. United States*, 630 F.3d 1085, 1089 (8th Cir. 2011).

Here, the Court entered an order reversing the ALJ and instructing him to allow Ms. Mitchell to submit relevant and probative interrogatories to the appropriate DDS experts and to conduct any further administrative review, if necessary. Although it took nine months after this Court's order and judgment were entered, both Ms. Mitchell and the Commissioner admit that the ALJ sent the interrogatories to the DDS experts and that all responded except for one DDS expert. At the time of filing of the instant Motion, the agency had rescheduled a hearing for September 1, 2022.

This Court understands that Ms. Mitchell really takes issue with the substance of the interrogatory responses received to date; however, upon reversal and remand, this Court no longer retains jurisdiction and is not in the position to micromanage portions of the administrative review process, which is currently underway. Additionally, Ms. Mitchell has not sufficiently demonstrated, in either her Motion or Reply, that this Court has subject matter jurisdiction without exhausting the administrative remedies. Thus, subject matter jurisdiction is lacking, and this Court cannot fully consider the merits of the pending Motion.

## CONCLUSION

For the reasons stated herein, Ms. Mitchell's Motion for Civil Contempt is DISMISSED. This ruling, however, does not prevent Ms. Mitchell from seeking judicial review at a later, more appropriate time.

SO ORDERED THIS 9th day of December, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE